IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| John D. Lisotto, | ) | Civil Action No.: 3:14–cv-03920-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| | ) | |
| New Prime, Inc., d/b/a Prime Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Before this Court is Defendant New Prime, Inc., d/b/a/ Prime Inc. ("Defendant")'s Motion to Dismiss Plaintiff's Complaint brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 5.) Having considered the motion, responses, the record, and the applicable law, the court DENIES Defendant's Motion to Dismiss for the reasons set forth below.

**FACTUAL AND PROCEDURAL BACKGROUND**

This action was removed to this Court from the Court of Common Pleas for Richland County, South Carolina on October 8, 2014 based on diversity jurisdiction. (ECF No. 1.) According to the Amended Complaint filed in state court, Plaintiff John D. Lisotto ("Plaintiff") filed this action against Defendant asserting claims for negligence/gross negligence, defamation, blacklisting, and a violation of the South Carolina Unfair Trade Practices Act ("UTPA"). Plaintiff claims that Defendant, a trucking company and prospective employer, failed to exercise the proper care in handing and reporting certain reports concerning his medical history, thereby causing him monetary and reputational damages. (ECF No. 1-1.) Defendant moved to dismiss this matter on October 15,

2014, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. (ECF No. 5).[1] Plaintiff filed a response in opposition on February 24, 2015 (ECF No. 16), Defendant filed a Reply on March 6, 2015 (ECF No. 18), and Plaintiff filed a Sur-Reply on March 13, 2015. (ECF No. 19.)

## STANDARD OF REVIEW

Defendant moves to dismiss this case under Rule 12(b)(6) of the Federal Rules of Civil Procedure. "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir.1999). To survive a motion to dismiss, the Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).

Although Rule 8(a) does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555. In other words, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).

In considering a motion to dismiss, a plaintiff's well-pled allegations are taken as true, and

---

[1] On or about August 28, 2014, this Court dismissed Plaintiff's claim under the Americans with Disabilities Act ("ADA"), in Civil Action Number 3:13-cv-02407-MGL ("ADA case") for failure to exhaust federal administrative remedies before pursuing his ADA claim. Based on this dismissal, Defendant argues in its reply brief that the doctrines of res judicata and collateral estoppel now bar the instant claims. (ECF No. 18 at 4) The Court, however cannot agree because the matters in this case were not litigated or determined in the ADA case.

the complaint and all reasonable inferences are liberally construed in the plaintiff's favor. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130 (4th Cir. 1993). The court may consider only the facts alleged in the complaint, which may include any documents either attached to or incorporated in the complaint, and matters of which the court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the court must accept the plaintiff's factual allegations as true, any conclusory allegations are not entitled to an assumption of truth, and even those allegations pled with factual support need only be accepted to the extent that "they plausibly give rise to an entitlement to relief." *Iqbal,* 556 U.S. at 679. In sum, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact). *Twombly*, 550 U.S. at 555.

## DISCUSSION

In its Motion, Defendant argues that the applicable statutes of limitations bar all of Plaintiff's claims as most of Defendant's conduct related to Plaintiff occurred no later than January 12, 2011. Defendant also argues that Plaintiff failed to properly plead the asserted claims with specificity and particularity. As secondary arguments, Defendant argues: 1) Plaintiff cannot allege negligence by relying on the same allegations that support his defamation claim; 2) South Carolina does not recognize an independent cause of action for blacklisting; and 3) the Unfair Trade Practices claim is not applicable because the underlying allegations do not affect the public interest. Plaintiff maintains that his claims are within the applicable statutes of limitations because Defendant's actions and inactions giving rise to the complaint span the period from September 22, 2010 until the present, based on Defendant's continued reporting of false information and failure to correct misstatements about his medical history and employment eligibility. (ECF No. 16.) Plaintiff also argues that he has

adequately plead the essential elements of each cause of action, including actionable claims for blacklisting and a violation of the UTPA.

Because this matter is before the Court on a motion to dismiss under Rule 12(b)(6), the Court assumes the truth of the facts as alleged in Plaintiff's Amended Complaint. *Fitzgerald v. Barnstable School Committee*, 555 U.S. 246, 249 (2009). After reviewing the record in this case, accepting all well-pleaded allegations in the amended complaint as true, and drawing all reasonable factual inferences from those facts in Plaintiff's favor, the Court must deny the motion. At this stage of the litigation, it is premature to decide that no relief could be granted under any set of facts that could be proven consistent with the allegations. The gist of Plaintiff's Amended Complaint and arguments is that Defendant continued to report false and defamatory information about his drug testing results and failed to correct this information even after being notified of the alleged error by Plaintiff as late as March 2014. Plaintiff seeks the opportunity to engage in further discovery in order to better identify dates and periods of time in which Defendant published the allegedly defamatory statements to others motor carriers and in databases. Identifying these specific times as well as each alleged "new" publication, determining whether it was reasonably foreseeable to Defendant that the statements could be republished, and ascertaining whether Defendant fraudulently concealed any private defamatory statements concerning Plaintiff, may all prove important to Plaintiff's case. Further, discovery may aid in the determining the scope of the duties owed to Plaintiff as well as the nature of the relationship between the parties which may be relevant to Plaintiff's UTPA claim. Thus, Plaintiff's claims are not subject to dismissal based on Defendant's arguments. For these reasons and in light of the unique questions of law also at issue in this case, Defendant's motion is DENIED. The parties are of course, invited to file motions for summary judgment after discovery

has concluded to fully brief the Court on the relevant issues.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss (ECF No. 5) is DENIED.

**IT IS SO ORDERED.**

s/Mary G. Lewis  
United States District Judge

Columbia, South Carolina  
May 12, 2015